PEOPLE v TAYLOR

Docket No. 127861. Submitted March 11, 1992, at Lansing. Decided
    April 9, 1992, approved for publication July 10, 1992, at 9:00
    A.M.

    Annette Taylor was convicted by a jury in the Oakland Circuit
    Court, Robert C. Anderson, J., of felonious assault and posses-
    sion of a firearm during the commission of a felony, after she
    allegedly shot her estranged husband at her home. The defen-
    dant pleaded guilty of being an habitual offender, second-of-
    fense, was sentenced accordingly, and appealed.

    The Court of Appeals *held:*

    1. The trial court abused its discretion with respect to voir
    dire in refusing to question potential jurors about their atti-
    tudes toward self-defense and the use of deadly force, thereby
    preventing the defendant from intelligently exercising her
    peremptory challenges.

    2. The trial court abused its discretion in refusing to admit
    evidence of the victim's prior acts of violence toward the
    defendant. On retrial, the defendant should be allowed to offer
    such evidence because it is relevant to her motive and intent.

    3. The trial court did not abuse its discretion in admitting
    the testimony of the victim's mother that the defendant had
    threatened to shoot the victim. On retrial, however, the trial
    court should reconsider the relevance of that evidence because
    it was offered to establish that the defendant had access to a
    gun, a fact that the defendant has since conceded.

    4. Arguments by the prosecutor concerning statements made
    by the defendant before her arrest were within the bounds of
    permissible comment about the evidence and reasonable infer-
    ences that can be drawn from the evidence.

    5. The trial court abused its discretion in refusing to instruct
    the jury with regard to the misdemeanor of reckless use of a
    firearm resulting in injury. A rational view of the evidence
    could have supported a verdict of guilty of the lesser included

REFERENCES

Am Jur 2d, Evidence §§ 280, 298; Jury § 202; Trial § 1427.
See the Index to Annotations under Escape or Flight; Instructions
    to Jury; Lesser Included Offenses; Voir Dire.

misdemeanor and not guilty of the original felony charge of assault with intent to commit murder.

6. The trial court improperly instructed the jury with regard to flight by refusing to tell the jury that, in addition to being evidence of consciousness of guilt, flight also could be evidence of fear.

7. The trial court erred in refusing to instruct the jury that the defendant had no duty to retreat in her home. The instruction was appropriate because the prosecutor had raised an issue concerning the reasonableness of the defendant's decision to remain at home while her husband repeatedly attacked her.

Reversed and remanded.

1. CRIMINAL LAW — JURY — VOIR DIRE.
   The scope of voir dire is left to the discretion of the trial court; however, the court may not restrict voir dire in a manner that prevents the development of a factual basis for the exercise of peremptory challenges.

2. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS OF VICTIM.
   Evidence of a victim's prior bad acts of violence directed toward a defendant may be admissible where relevant to the issue of self-defense.

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED MISDEMEANORS.
   A trial court should instruct a jury with regard to appropriate lesser included misdemeanors if a rational view of the evidence could support a verdict of guilty of the misdemeanor and not guilty of the felony, the defendant has proper notice or has made a request, and the instruction would not result in confusion or injustice.

4. CRIMINAL LAW — EVIDENCE — FLIGHT.
   A defendant's flight may result from factors other than guilt, and it is for the jury to determine what caused the defendant to flee.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Anica Letica,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for the defendant on appeal.

Before: SHEPHERD, P.J., and SAWYER and CON-
NOR, JJ.

PER CURIAM. Defendant pled guilty to being an
habitual offender, second offense, MCL 769.10;
MSA 28.1082, after a jury convicted her of feloni-
ous assault, MCL 750.82; MSA 28.277, and posses-
sion of a firearm during the commission of a
felony, MCL 750.227b; MSA 28.424(2). The trial
court sentenced defendant to 3½ to 6 years for the
assault conviction and two years for the felony-
firearm conviction. Defendant appeals her convic-
tions as of right. We reverse.

While in the midst of a divorce, defendant shot
her husband in the face in February of 1988. He
claimed that it was an act of revenge. She claimed
that it was self-defense.

I

Defendant argues that the trial court erred in
refusing to question potential jurors about their
attitudes toward self-defense and the use of deadly
force. We agree.

The scope of voir dire is left to the discretion of
the trial court. *People v Harrell,* 398 Mich 384,
388; 247 NW2d 829 (1976). However, a trial court
may not restrict voir dire in a manner that pre-
vents the development of a factual basis for the
exercise of peremptory challenges. *People v Mum-
ford,* 183 Mich App 149, 155; 455 NW2d 51 (1990).
In this case, the refusal of the trial court to ask
any questions concerning the subject of self-de-
fense and juror attitudes toward the use of deadly
force unduly restricted voir dire and was an abuse
of discretion.

Defendant did not exhaust her peremptory chal-
lenges. Generally, a party must do so to preserve

for appeal a question of jury selection. *People v Rose,* 268 Mich 529, 531; 256 NW 536 (1934). This is not, however, an absolute requirement. See, e.g., *People v Miller,* 411 Mich 321; 307 NW2d 335 (1981), rev'g 88 Mich App 210; 276 NW2d 558 (1979) (codefendant Ewing's conviction reversed despite failure to exhaust peremptory challenges). The purpose of appellate preservation requirements is to induce litigants to do everything they can in the trial court to prevent error, eliminate its prejudice, or at least create a record of the error and its prejudice. In contrast to *Rose, supra,* defendant refused to express satisfaction with the jury empaneled and repeatedly reminded the trial court that she felt that the voir dire prevented her from intelligently exercising her peremptory challenges. Requiring defendant to unintelligently exercise them would be pointless, because it could not have prevented the error, eliminated its prejudice, or further demonstrated the error and its prejudice.

## II

Defendant contends that the trial court erred in limiting defendant's ability to testify about her husband's prior acts of violence toward her, and erred in allowing a witness to testify about a threat defendant allegedly made months before the shooting.

The decision whether to admit evidence is left to the discretion of the trial court. *People v Milton,* 186 Mich App 574, 575; 465 NW2d 371 (1990), remanded on other grounds 438 Mich 852 (1991). This Court finds an abuse of discretion only when an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling. *Id.,* pp 575-576.

Prior acts of violence by the victim may be relevant to the issue of self-defense. *People v Rockwell,* 188 Mich App 405, 408-410; 470 NW2d 673 (1991). We find the trial court's nearly complete ban to be without justification, because it denied defendant the opportunity to present important evidence relevant to her motive and intent. MRE 404(b). On retrial, defendant should be allowed to present evidence of the victim's prior acts of violence toward her. The trial court may exercise its discretion under MRE 403 in deciding how much of this evidence to admit.

The trial court did not err in admitting the testimony of the victim's mother that, eight months before the shooting, defendant had told her that she had a gun and would shoot the victim. The threat was used to establish that defendant had access to a gun. At the time the trial court was asked to rule, it was the only evidence regarding the issue of access, and the court's decision that the probative value of the evidence outweighed its prejudicial effect was not an abuse of discretion. Because defendant subsequently presented evidence at trial establishing that the weapon had been purchased about a month before the shooting, the lower court should reconsider the relevancy and the remoteness of the evidence upon retrial. *People v DeRushia,* 109 Mich App 419, 426-428; 311 NW2d 374 (1981).

### III

Defendant next contends that the prosecutor made improper arguments concerning her prearrest statements. After review of the record, we find the argument to have been permissible comment about the evidence and reasonable inferences drawn from it. *People v Gaines,* 129 Mich App 439,

445; 341 NW2d 519 (1983). Compare *People v Storch,* 176 Mich App 414, 422-423; 440 NW2d 14 (1989).

IV

Defendant argues that the trial court abused its discretion when it refused to instruct the jury with regard to two lesser included misdemeanors as she requested. We agree that the jury should have been instructed on one of the misdemeanors.

Defendant was charged with assault with intent to commit murder. MCL 750.83; MSA 28.278. The jury was also instructed on assault with intent to do great bodily harm, MCL 750.84; MSA 28.279, and felonious assault, MCL 750.82; MSA 28.277. Defendant requested, but the trial court refused to give, instructions on reckless use of a firearm with resulting injury, MCL 752.861; MSA 28.436(21), and injuring by discharge of a firearm intentionally but without malice pointed at another, MCL 750.235; MSA 28.432.

In *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982), the Supreme Court decided that, when properly requested, a trial court should instruct a jury on appropriate lesser included misdemeanors if a rational view of the evidence could support a verdict of guilty of the misdemeanor and not guilty of the felony, the defendant has proper notice or has made the request, and the instruction would not result in confusion or injustice.

Defendant's request for both misdemeanor instructions was properly made. We find each to be appropriate because both protect the same interests protected by the felonies and the evidence used to prove the felonies generally will prove the misdemeanors as well. Neither instruction would have created undue confusion or injustice.

However, while a jury viewing the evidence rationally could have found defendant not guilty of the felonies and guilty of reckless discharge, it could not have found defendant guilty of intentionally aiming without malice. Defendant testified that she threatened her husband with the shotgun in self-defense, then intentionally fired the gun without aiming it while her eyes were closed. If the jury accepted her story, it could have found her guilty of reckless discharge, but there was no evidence to support finding that she had intentionally aimed the gun without malice.

The error in not instructing the jury on reckless discharge cannot be held harmless because the jury rejected the primary charge and found defendant guilty of the least serious charge it was instructed on. *People v Beach,* 429 Mich 450, 465-467; 418 NW2d 861 (1988).

V

Finally, defendant argues that the trial court improperly instructed the jury with regard to flight and the duty to retreat while being attacked in her own home. We agree.

The trial court instructed the jury that defendant's flight could be evidence of consciousness of guilt and refused to instruct that flight could have resulted from reasons consistent with innocence. The defendant objected to the court's instruction, claiming that the jury should have been instructed that flight can also demonstrate fear. Flight can result from factors other than guilt, and it is for the jury to determine what caused defendant to flee. *People v Stull,* 127 Mich App 14, 18; 338 NW2d 403 (1983). The trial court should have instructed the jury on how to evaluate this evidence in accordance with CJI 4:4:01, now CJI2d

4.4. Instructing about the prosecutor's, but not the defendant's, theory of the evidence was erroneous. *People v. Ora Jones,* 395 Mich 379, 393; 236 NW2d 461 (1975).

The trial court also refused to instruct the jury that defendant had no duty to retreat from an assault in her own home. See CJI2d 7.17, formerly CJI 7:9:03. Considering that the prosecutor had raised the issue of the reasonableness of defendant's decision to remain in her home while her husband attacked her repeatedly, the instruction should have been given. *People v Fisher,* 166 Mich App 699, 710-711; 420 NW2d 858 (1988).

Both instructional errors did not fairly present the issues tried in this case or protect the defendant's rights. Therefore, reversal is required. *People v Harris,* 190 Mich App 652, 664; 476 NW2d 767 (1991).

Reversed and remanded. We do not retain jurisdiction.