# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHAD MICHAEL WALTERS,

Defendant-Appellant.

UNPUBLISHED
February 12, 2015

No. 317923
Kent Circuit Court
LC No. 12-011427-FH

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant Chad Michael Walters was convicted by a jury of assault with a dangerous weapon (felonious assault), MCL 750.82. Defendant appeals as of right. We affirm.

Defendant first challenges the sufficiency of the evidence supporting his conviction. We review challenges to the sufficiency of the evidence de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Viewing the evidence in a light most favorable to the prosecution, we must determine whether the evidence was sufficient to justify the trier of fact's conclusion that the essential elements were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). All conflicts in the evidence must be resolved in favor of the prosecution. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

A felonious assault is a simple assault aggravated by the use of a dangerous weapon with the "intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Defendant only challenges the element of intent. Intent may be inferred from all the facts and circumstances, *People v Hardrick*, 258 Mich App 238, 246; 671 NW2d 548 (2003), including the defendant's words, actions, means, or manner employed to commit the offense, *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001).

Here, sufficient evidence was presented to prove beyond a reasonable doubt that defendant acted with the requisite intent. At trial, defendant admitted to threatening the victim in a road-rage incident. The evidence also showed that defendant told the responding officers that he grabbed a knife and, as he exited his vehicle, told the victim that he would cut him. The

-1-

victim testified that he believed defendant's threat. Because a jury may infer a defendant's intent from his words or actions, *Hawkins*, 245 Mich App at 458, a jury could find that defendant acted with the requisite intent. Thus, the evidence was sufficient to establish that defendant intended to place the victim in reasonable apprehension of an immediate battery.

Defendant also argues that the evidence was insufficient to rebut his claim of self-defense. In claiming self-defense, a defendant bears the initial burden to produce some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist. *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010). The prima facie case of self-defense requires the evidence to show that the defendant honestly and reasonably believed that he was in danger of death or serious bodily harm, and it appeared immediately necessary to take action to prevent such harm. *People v Guarjado*, 300 Mich App 26, 35; 832 NW2d 409 (2013).

We find that defendant did not meet his initial burden of production. See *Dupree*, 486 Mich at 709-710. Although defendant presented evidence through his testimony that he saw the victim with a gun, defendant did not produce any evidence that it appeared immediately necessary to take action to prevent harm. Defendant allegedly saw the victim with a gun when defendant was in his own vehicle and the victim in another vehicle. Defendant could have driven away and avoided any interaction with the victim. Moreover, a responding officer testified that defendant admitted to not seeing the victim with a gun when the victim started to exit his vehicle. Nevertheless, defendant subsequently threatened the victim with a knife. Defendant did not meet his burden of producing evidence on the element that taking action to prevent harm appeared immediately necessary. Accordingly, defendant's challenge to the sufficiency of the evidence rebutting his self-defense claim is without merit because the prosecution must prove beyond a reasonable doubt that defendant did not act in self-defense only once a defendant introduces evidence on that defense. *People v Forston*, 202 Mich App 13, 20; 507 NW2d 763 (1993).

Next, defendant challenges on appeal the trial court's jury instructions. First, defendant contends that the trial court deprived him of his constitutional right to present a defense by not instructing the jury on self-defense. We generally review constitutional issues de novo. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002). However, because defendant did not raise this constitutional issue in the trial court below, our review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Although a criminal defendant has a due process right to present a defense under the state and federal constitutions, *Kurr*, 253 Mich App at 326, that right is not absolute, *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984). Failure to give an applicable instruction constitutes error if the instruction "concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense." *People v Moldenhauer*, 210 Mich App 158, 159-160; 533 NW2d 9 (1995). Here, the trial court did not seriously impair defendant's ability to effectively present a defense because defendant did not present enough evidence to warrant a self-defense jury instruction.

Defendant also argues that the trial court abused its discretion by failing to instruct the jury on self-defense. We review a trial court's determination of whether a jury instruction is

applicable to the facts of a case for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). An abuse of discretion is found if the trial court's decision falls outside the range of reasonable and principled outcomes. *Guarjado*, 300 Mich App at 34.

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). If evidence supports a jury instruction requested by the defendant, the trial court must give the instruction. *Id*. at 124. Because the evidence in this case did not support a jury instruction on self-defense, as discussed, *supra*, the trial court did not abuse its discretion in declining to give the instruction.

Defendant also claims that the trial court abused its discretion by granting the prosecutor's request for an instruction on flight. "Flight" is an applicable theory in a criminal case regarding actions such as "fleeing the scene of the crime, leaving the jurisdiction, running from the police, resisting arrest, and attempting to escape custody." *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). Flight does not necessarily imply guilt. *People v Taylor*, 195 Mich App 57, 63; 489 NW2d 99 (1992). When applicable to the facts of a given case, the jury's role is to determine what caused the defendant to flee. *Id.*

In this case, there was evidence presented at trial supporting a jury instruction on flight. Evidence showed that during the assault, the victim's girlfriend yelled to defendant that she was telephoning the police after defendant stated that he would cut the victim. The victim testified that as soon as his girlfriend threatened to telephone the police, defendant reentered his vehicle and drove away. It is possible for a jury to conclude that the girlfriend's statement caused defendant to flee. Additionally, any potential error was harmless because the jury was instructed that flight does not necessarily evidence consciousness of guilt and that an individual may flee for innocent reasons. Accordingly, the trial court did not abuse its discretion in giving the flight instruction.

Lastly, defendant challenges on appeal the admission of MRE 404(b) evidence. We review a trial court's decision to admit or exclude evidence for a clear abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). A preserved trial error in the admission of evidence does not constitute grounds for reversal "unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012).

Evidence of crimes, wrongs, or other acts is inadmissible to demonstrate a defendant's propensity to act in conformity with those acts. *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). However, other-acts evidence may be admissible under MRE 404(b) for another purpose. *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000). We analyze MRE 404(b) challenges under a four-part test adopted by our Supreme Court in *People v VanderVliet*, 444 Mich 52, 65; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994):

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*Id.* at 55.]

Applying this test to the present case, we find that the trial court abused its discretion in admitting the MRE 404(b) evidence because the evidence was not logically relevant to a non-propensity purpose.

The question of relevancy is the "critical threshold issue" under MRE 404(b). *Hawkins*, 245 Mich App at 449. Relevant evidence must have some "tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. The prosecutor bears the burden to show that the evidence is relevant to a proper purpose or proves a fact other than the defendant's character or criminal propensity. *People v Mardlin*, 487 Mich 609, 615; 790 NW2d 607 (2010). When the only relevance is to prove the defendant's character or propensity to commit the crime, then the evidence is inadmissible. *People v Knox*, 469 Mich 502, 510; 674 NW2d 366 (2004).

Here, the trial court admitted evidence of a prior incident from 2002 between defendant and his then-girlfriend in which defendant allegedly pointed a gun at her and their two children after fighting over an ongoing custody dispute. The prosecutor offered the evidence to show intent, "method of reacting," and absence of mistake.[1] Nevertheless, the proffered evidence was not logically relevant to the purposes submitted by the prosecutor. When evidence is offered to show intent or absence of mistake, the past event and charged crime must be of the "same general category" and "sufficiently alike to support an inference of criminal intent." *Mardlin*, 487 Mich at 623-624. The factual relationship between the past event and the charged offense may be too remote if it affects the jury's ability to draw an intermediate inference to the proffered purpose. See *Crawford*, 458 Mich at 396. The prior incident and the charged offense were too factually detached from one another and remote in time, occurring 10 years apart. In one instance, defendant was alleged to have pointed a gun at his then-girlfriend and children, and, in the other, defendant was alleged to have threatened a stranger in a road-rage incident with a knife. Any inference from the prior act evidence is indicative only of defendant's criminal propensity. Like our Supreme Court held in *Knox*, 469 Mich at 512-513, "evidence of defendant's past anger could only serve the improper purpose of demonstrating that he had the bad character or propensity to harm [the victim]." Therefore, because the proffered evidence was not relevant to a non-propensity purpose, the evidence was improperly admitted at trial.

Even if relevant, we conclude that the evidence's probative value was substantially outweighed by the danger of unfair prejudice. The proffered evidence had a great likelihood of injecting extraneous considerations of bias, sympathy, anger, or shock in the jurors' minds. *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994) (citation and quotation omitted). The other-acts evidence compares defendant's reaction to a stranger in a traffic incident to defendant putting his girlfriend and children in harm related to a custody dispute. Because the evidence only suggests that defendant was a person of bad character and acted in conformity therewith in the present matter, the evidence was inadmissible. *Crawford*, 458 Mich at 398-400.

---

[1] Mistake was never claimed as a defense in this case; therefore, the evidence of the prior incident would not be relevant to show an absence of mistake because it was not a fact of consequence here. *Sabin (After Remand)*, 463 Mich at 69.

In so ruling, we note that although the trial court provided a cautionary instruction to the jury regarding the MRE 404(b) evidence, the trial court simply reiterated all of the MRE 404(b) purposes and did not limit consideration of the prior acts evidence to the specific purposes for which it was admitted. Even though a cautionary instruction may limit the potential for undue prejudice, *Murphy*, 282 Mich App at 583, the instruction here was not sufficient to eliminate the prejudicial effect of the other-acts evidence.

For defendant to be entitled to reversal, however, it must be more probable than not that the error in admitting the other-acts evidence was outcome determinative. *King*, 297 Mich App at 472. Thus, we examine the "nature of the error and assess[] its effect in light of the weight and strength of the untainted evidence." *People v Mateo*, 453 Mich 203, 215; 551 NW2d 891 (1996).

In doing so, we find that the error was harmless. The untainted evidence clearly supports a finding that defendant was guilty of felonious assault beyond a reasonable doubt. Defendant admitted at trial that he jumped out of his car with a knife and threatened to cut the victim. The victim testified that he believed defendant's threat, and the victim's girlfriend telephoned the police. Although defendant asserted that he saw the victim with a gun, the evidence supported that the victim did not own a weapon or have one in the vehicle. Thus, although the improper admission of the MRE 404(b) evidence was likely prejudicial to defendant, the untainted evidence does not support that it was more probable than not that the prior acts evidence affected the outcome of trial. Accordingly, defendant is not entitled to reversal of his conviction.

Affirmed.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey