# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 5, 2016

Plaintiff-Appellee,

v

No. 325563
Wayne Circuit Court
LC No. 14-006406-FC

TERRY DWAYNE CATCHINGS,

Defendant-Appellant.

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] Defendant was sentenced to two years' imprisonment for his conviction. We affirm.

At approximately 9:00 p.m. on April 11, 2014, the victim, Daryl Smith, drove to East English Village Preparatory Academy in Detroit, Michigan. As Daryl arrived at the academy with his cousin and two friends, a talent show that was being performed at the academy was ending and a fight had broken out. Daryl pulled his car into a parking spot and his passengers got out of the car and began greeting others in the parking lot. Daryl's cousin Truvell Smith, noticed a commotion among a group of 10 to 15 people in the parking lot. Truvell and the others got back into Daryl's car in order to avoid any potential confrontation.

As the men got back in the car, a red Chevrolet Impala began circling Daryl's car and the passengers within the Impala were hanging out of the car and playing loud music. The group of 10 to 15 people noticed the activity going on in the Impala and yelled over to the car to ask what they were doing. Immediately thereafter, shots were fired from where the group of 10 to 15 people was standing towards the area where the Impala was circling Daryl's car. Daryl attempted to drive away, but was struck in the head by one of the bullets. Three witnesses at the scene later identified defendant as one individual who was shooting.

---

[1] Defendant was also charged with, and acquitted of, first-degree, premeditated murder, MCL 750.316.

-1-

Police later executed search warrants at the homes of defendant and his codefendant, Maurice Tate. At defendant's home, police discovered a .22 caliber handgun and a .38 caliber handgun. Officers also discovered ammunition in the home. A search of Tate's home uncovered a .40 caliber pistol, a .12 gauge pump shotgun, and an M-1 carbine, a semiautomatic military-type weapon. In addition,various ammunition was also found in Tate's home.

Police conducted testing on the shell cases found at the scene. A ballistics expert, Detective Sergeant Dean Molnar, concluded that five of the casings were fired from the .40 caliber weapon found in Tate's basement. However, the bullet that struck Daryl was not fired from this weapon. In addition, the bullet that struck Daryl did not match any of the other weapons that were found and later admitted into evidence at trial.

Defendant argues that the prosecution committed misconduct by offering these weapons for admission into evidence and that the trial court erred in ultimately admitting them. Defendant contends that because these weapons were not used to kill Daryl, evidence concerning them was irrelevant and unfairly prejudicial. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Counsel for defendant objected to the admission of the guns found in the homes of defendant and Tate on the grounds that they were irrelevant and prejudicial. Therefore, this issue is preserved for appeal.

"A trial court's decision to admit evidence is reviewed for a clear abuse of discretion." *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003). "An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no excuse for the ruling made." *Aldrich*, 246 Mich App at 113.

Defendant argues that the guns and ammunition that were found in his and Tate's homes should not have been admitted into evidence because they were not relevant to the murder in question and were unfairly prejudicial. "Under the Michigan Rules of Evidence, evidence is admissible only if it is relevant as defined by MRE 401 and is not otherwise excluded under MRE 403." *People v Feezel*, 486 Mich 184, 197; 783 NW2d 67 (2010). Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. MRE 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."

Defendant is correct that none of the weapons found in the homes of defendant and Tate were used to murder Daryl. However, this Court has held that evidence that police recovered weapons from the defendant's home may be relevant to show that defendant had access to weapons. *People v Taylor*, 195 Mich App 57, 61; 489 NW2d 99 (1992). Here, the access to weapons in relatively close proximity in place and time to the crime scene made defendant's role in Daryl's death more probable than not.

Defendant also argues that any probative value the weapons may have is substantially outweighed by the danger of unfair prejudice in contravention of MRE 403. However, the prosecution elicited testimony from Molnar that the weapons found in the homes of defendant and Tate did not match the bullet that struck Daryl. Therefore, it cannot be said that the probative value of the weapons was substantially outweighed by any unfair prejudice that the weapons created. Even assuming that the trial court abused its discretion in admitting the weapons, the admission was not outcome-determinative given that there was testimony from several eyewitnesses identifying defendant as a shooter on the night of the incident.

Defendant also argues that the prosecution engaged in misconduct when it offered these weapons for admission into evidence. "In order to preserve a claim of prosecutorial misconduct for appellate review, a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). While counsel for defendant did object to the admission of the guns into evidence, he did not do so on the grounds of prosecutorial misconduct. Therefore, this issue is unpreserved for appeal.

This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to avoid forfeiture of the issue, (1) error must have occurred, (2) the error must have been plain, i.e., clear or obvious, and (3) the plain error affected the defendant's substantial rights. *Id*. (citation omitted). This third requirement is satisfied if the defendant can demonstrate prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id*. If the defendant satisfies these three requirements, this Court will only grant reversal when the plain error resulted in the conviction of an innocent defendant or "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 763-764.

"Where there is no allegation that prosecutorial misconduct violated a specific constitutional right, a court must determine whether the error so infected the trial with unfairness as to make the resulting conviction a denial of due process of law." *People v Blackmon*, 280 Mich App 253, 262; 761 NW2d 172 (2008). "A finding of prosecutorial misconduct may not be based on a prosecutor's good-faith effort to admit evidence." *People v Abraham*, 256 Mich App 265, 278-279; 662 NW2d 836 (2003). "The prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999).

Defendant argues that the prosecution inflamed the jury's prejudice "by bringing forth evidence that Mr. Catchings is a 'gun toting' criminal, and has the propensity to commit the crime." There is no evidence that the prosecution acted in bad faith when it introduced the evidence. See *People v Dobek*, 274 Mich App 58, 80; 732 NW2d 546 (2007) ("While there may be issues regarding whether this was improper other-acts evidence, we cannot conclude that the prosecutor proceeded in bad faith, given that the trial court permitted the questioning and testimony."). There also is no evidence that defendant was prejudiced by the introduction of the evidence. As stated above, there was testimony from Molnar that the weapons found in the homes of defendant and Tate were not used to murder Daryl. Therefore, defendant cannot demonstrate that his substantial rights were affected.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly