# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HARRY MAINE, JR.,

        Defendant-Appellant.

UNPUBLISHED
October 10, 2016

No. 328475
Wayne Circuit Court
LC No. 15-000907-FC

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Defendant was convicted of armed robbery, MCL 750.529, assault with a dangerous weapon (felonious assault), MCL 750.82, and assault with intent to do great bodily harm less than murder (assault GBH), MCL 750.84, as a lesser included offense of assault with intent to murder, MCL 750.83. Defendant was sentenced, as a fourth habitual felony offender, MCL 769.12, to concurrent prison terms of 25 to 75 years for his armed robbery conviction, 42 months to 10 years for his assault GBH conviction, and 1 to 4 years for his felonious assault conviction. Defendant appeals as of right. We affirm.

Defendant's convictions stem from the stabbing of Latonya Gardner at the apartment of Gardner's boyfriend, Bruce Ready. Gardner and Ready both testified that defendant came into the apartment threatening to kill Gardner if Ready did not give defendant money. Defendant denied this version of events, testifying instead that Gardner had a gun and was attempting to rob him, so, fearing for his life, he stabbed her in an attempt to disarm her. Defendant admitted that he panicked, ran from the apartment, and did not call the police.

Defendant asserts that he was deprived of a fair trial because the trial court did not instruct the jury regarding how to consider evidence of his flight from the scene. Defendant recognizes that a direct challenge to the jury instructions was waived when his trial counsel expressed satisfaction with the instructions as given. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200. Consequently, he argues that his trial counsel was ineffective for not requesting the flight instruction. To preserve an ineffective-assistance-of-counsel claim, a defendant must

-1-

move for a new trial or a *Ginther*[1] hearing. *People v Cox*, 268 Mich App 440, 453; 709 NW2d 152 (2005). Defendant failed to do so. As a result, our review is limited to errors apparent on the existing record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). The trial court must instruct the jury on the applicable law, including "all the elements of the offenses charged . . . and any material issues, defenses, and theories that are supported by the evidence." *Id.* Reversal is not required "if the instructions sufficiently protected the rights of the defendant and fairly presented the triable issues to the jury." *Id.*

At trial, defendant testified that he stabbed Gardner accidentally in the chest when he was trying to "poke[]" her arm so as to make her drop a gun. Defendant stated that he was in fear of his life. He testified that he "panicked" after the struggle and "thought she might be dead," so he left the building and did not call the police. The prosecutor referred to defendant's flight in his closing argument, arguing that it showed that defendant did not act in self-defense. The jury was instructed on self-defense. The parties agree that evidence of flight—such as fleeing the crime scene—is admissible. *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995).

Defendant suggests that the trial court should have instructed the jury about how to consider his leaving the scene in evaluating all of the evidence. Because "[f]light can result from factors other than guilt, and it is for the jury to determine what caused defendant to flee." *People v Taylor*, 195 Mich App 57, 63; 489 NW2d 99 (1992), he argues, the court should have given an instruction consistent with M Crim JI 4.4, which states, in relevant part, as follows:

> (1) There has been some evidence that the defendant ran away after the alleged crime.

> (2) This evidence does not prove guilt. A person may run or hide for innocent reasons, such as panic, mistake, or fear. However, a person may also run or hide because of a consciousness of guilt.

> (3) You must decide whether the evidence is true, and, if true, whether it shows that the defendant had a guilty state of mind.

Because there was no such instruction, defendant claims that the jury had no choice but to accept the prosecutor's argument that his flight inferred his guilt.

To show that defense counsel was ineffective and to be afforded a new trial, a defendant must establish (1) that counsel's performance fell below an objective standard of reasonableness and (2) that the defendant was prejudiced as a result of counsel's performance. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). A showing of prejudice means that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

proceeding would have been different.' " *Id*., quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

While there is evidence to support a flight instruction, a flight instruction may have been detrimental to defendant's case, as it instructs that "a person may also run or hide because of a consciousness of guilt." M Crim JI 4.4(2). Defense counsel may have weighed the benefit of providing an instruction that the jury could conclude that he ran from the scene because he panicked, included in a list of "innocent reasons" to run away after the crime, against the cost of informing the jury that defendant's having run could have been "because of a consciousness of guilt." He could have reasonably concluded it would be in defendant's best interests not to offer the instruction and allow the issue to be addressed in closing argument. Therefore, defense counsel's decision not to request the flight instruction should be presumed to be a reasonable strategy, *Vaughn*, 491 Mich at 669, a decision the Court should "not second-guess . . . with the benefit of hindsight," *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013). Thus, defense counsel's performance in this regard did not fall below an objective standard of reasonableness.

Furthermore, defendant was not prejudiced as there was substantial evidence of his guilt. Both Gardner and Ready testified that defendant attacked Gardner at Ready's apartment and demanded money from Ready. Defendant admitted that he stabbed Gardner, and Ready admitted that he owed defendant $10. The police did not find a gun or any other weapon at the crime scene. Therefore, even if defense counsel had successfully requested to include a flight instruction, the result of the proceeding would not have been different.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter