# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 19, 2016

v

ADAM ANDREW PHILLIPS,

Defendant-Appellant.

No. 323333
Kent Circuit Court
LC No. 13-011001-FC

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant was convicted of assault with intent to commit murder, MCL 750.83, after a bench trial, and was sentenced to 17-1/2 to 70 years' imprisonment. He appeals as of right. We affirm.

Defendant first argues that the trial court abused its discretion when it admitted evidence of defendant's prior acts of domestic violence, including two prior incidences of violence between defendant and the victim, as well as various threats to kill the victim. The court found that the evidence was admissible under MCL 268.27b.

Decisions about the admissibility of evidence are within the trial court's discretion and should only be reversed where there is a clear abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). When a trial court chooses an outcome that is outside the range of reasonable and principled outcomes, there has been an abuse of discretion. *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). Preliminary questions of law are reviewed de novo. *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003).

In general, evidence of other crimes, wrongs, or acts is admissible under MRE 404(b) if the evidence is (1) offered for a proper purpose rather than to prove the defendant's character or propensity to commit the crime, (2) relevant to an issue or fact of consequence at trial, and (3) sufficiently probative to prevail under the balancing test of MRE 403. *People v Hoffman,* 225 Mich App 103, 105; 570 NW2d 146 (1997), lv den 459 Mich 857 (1998). When a defendant is accused of an offense involving domestic assault, however, "evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." MCL 768.27b. The statute defines acts of domestic violence to include "[c]ausing or attempting to cause physical or mental harm to a family or household member" or "[e]ngaging in activity toward a

-1-

family or household member that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 768.27b(5)(a). The category "family or household member" includes individuals with whom the person has or has had a dating relationship or a child in common. MCL 768.27b(5)(b). Under the statute, trial courts can exercise their discretion to admit evidence of other domestic assaults "to prove any issue, even the character of the accused." *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (internal citations omitted). Prior acts of domestic violence can be admissible regardless of whether the acts were identical to the charged offense. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).

Defendant was charged with an offense involving domestic violence as defined by MCL 768.27b. That is, he was charged with "causing physical harm" to the victim, a "family or household member." The victim is a "family or household member" because she had a dating relationship and a child in common with defendant. The prior acts presented by the prosecution at trial also qualify as acts of domestic violence, since defendant "caus[ed] physical harm" to the victim and made death threats toward her "that would make a reasonable person feel terrorized, frightened, intimidated, threatened, harassed, or molested." Therefore, this evidence is admissible for any reason for which it is relevant, as long as it satisfies MRE 403.

Under MRE 403, the Court must first determine whether the introduction of defendant's prior acts of domestic violence was unfairly prejudicial and then "weigh the probativeness or relevance of the evidence" against the unfair prejudice. *Cameron*, 291 Mich App at 610. Evidence is unfairly prejudicial when it presents a danger that a jury will give marginally probative evidence undue or preemptive weight. *People v Lane*, 308 Mich App 38, 55; 862 NW2d 446 (2014). Although evidence of defendant's prior abuse could create the risk of prejudice, all relevant evidence is damaging to some extent and the fact that evidence is prejudicial does not make its admission unfair. *People v Murphy (On Remand)*, 282 Mich App 571, 583; 766 NW2d 303 (2009). The evidence at issue here was not marginally probative and there is no evidence on the record that it was given undue or preemptive weight at trial. "The determination whether the probative value of evidence is substantially outweighed by its prejudicial effect is best left to a contemporaneous assessment of the presentation, credibility, and effect of the testimony." *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009). The trial court found, and the record supports, that this evidence was important to prove an essential element of the case, defendant's intent to kill the victim. The probative value here outweighed any danger of unfair prejudice, and therefore the trial court did not abuse its discretion in admitting this evidence. Because MCL 768.27b properly applies here, no analysis of 404(b) is required. See *People v Pattison*, 276 Mich App 613, 616; 741 NW2d 558 (2007).

Defendant next argues that there was insufficient evidence to sustain his conviction. A challenge to the sufficiency of the evidence requires this Court to view the evidence de novo in a light most favorable to the prosecution and determine whether any reasonable juror would be warranted in finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).

To convict defendant of assault with intent to commit murder, the prosecution was required to prove that defendant committed (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. *People v Henderson*, 306 Mich App 1, 9;

854 NW2d 234 (2014). Defendant argues that he did not have the requisite intent to kill. The intent required to convict defendant of assault with intent to kill must be an actual intent to kill and "may not be proven by an intent to inflict great bodily harm or a wanton and wilful disregard of the likelihood that the natural tendency of the acts will likely cause death or great bodily harm." *People v Brown*, 267 Mich App 141, 150; 703 NW2d 230 (2005). Intent may be proven by inference from any facts in evidence, *People v Lawton*, 196 Mich App 341, 350; 492 NW2d 810 (1992), and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient to prove intent, *People v Fetterley*, 229 Mich App 511, 517-518; 583 NW2d 199 (1998).

The testimony in this case could cause a reasonable jury to infer that defendant intended to commit murder. The prosecution presented evidence that defendant previously assaulted the victim when he believed she had cheated on him and made various threats to kill the victim. The assault at issue here occurred when defendant found naked photographs on the victim's cellular telephone. He responded by slamming her into the wall multiple times and repeatedly kicking and punching her in the head, even after she became unconscious. When she arrived at the hospital, the victim was comatose and in the process of dying. Without medical intervention, the victim would have died. A trier of fact could reasonably infer from this evidence that defendant had the requisite intent to kill when he assaulted the victim. Therefore, the prosecution presented sufficient evidence to convict defendant of assault with intent to commit murder.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey

-3-