# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

BRIAN RAY SOULES,

       Defendant-Appellant.

UNPUBLISHED
May 19, 2016

No. 326554
Newaygo Circuit Court
LC No. 13-010558-FH

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of five counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, accosting a minor for an immoral purpose, MCL 750.145a, and eavesdropping, MCL 750.539d(1)(a). He was sentenced to 29 months to 15 years' imprisonment for the CSC-II convictions, 17 months to 4 years' imprisonment for accosting a minor for an immoral purpose, and 13 months to 2 years' imprisonment for eavesdropping. He appeals as of right. We affirm.

Defendant first argues that the trial court improperly allowed evidence of defendant's prior bad act to come before the jury by way of a juror question, and failed to follow the procedures required by MCR 2.513(I) when handling questions submitted by the jury. Additionally, defendant claims that these errors violated his constitutional right to due process. We agree that the trial court erred, but do not agree that defendant is entitled to a new trial on this basis.

Generally, this Court reviews for an abuse of discretion a challenge to the admission of evidence. *People v Orr*, 275 Mich App 587, 588; 739 NW2d 385 (2007). However, at trial, defendant's counsel failed to object to the evidence, leaving the issue unpreserved. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). We review unpreserved evidentiary issues for plain error affecting substantial rights. *People v Fackelman*, 489 Mich 515, 537; 802 NW2d 552 (2011). To show plain error, three requirements must initially be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). We also reviewed unpreserved constitutional claims for plain error. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014).

-1-

In response to a question submitted by the jury, the victim's grandmother testified that, on one occasion, defendant pushed her down the stairs. Defendant asserts that this evidence was inadmissible pursuant to MRE 404(b) and MRE 402. Under MRE 404(b), evidence of other crimes, wrongs, or acts is admissible only if the evidence is (1) offered for a proper purpose rather than to prove the defendant's character or propensity to commit the crime, (2) relevant to an issue or fact of consequence at trial, and (3) sufficiently probative to prevail under the balancing test of MRE 403. *People v Hoffman,* 225 Mich App 103, 105; 570 NW2d 146 (1997). We agree the evidence was inadmissible under MRE 404(b) because it was not admitted by either party for a proper purpose, *id*., and was not relevant to any issues in the case. MRE 401; MRE 402.

However, while defendant has demonstrated that error occurred, he has not demonstrated that the error affected his substantial rights. To show that the plain error affected defendant's substantial rights, defendant must show that the error was outcome-determinative. *Carines*, 460 Mich at 763. Here, we do not agree that the evidence affected the outcome of the trial. The testimony regarding defendant's past act was brief, unrelated to defendant's charges, and none of the other witnesses testified about any violent behavior by defendant. Moreover, the record contained significant evidence that supported each of defendant's convictions. There was nothing in the record to support that defendant was prejudiced by the bad acts evidence in a way that impacted the outcome of the trial. Accordingly, defendant has failed to demonstrate plain error affecting his substantial rights with respect to the other acts evidence.

Defendant also claims that the trial court failed to comply with the procedural requirements of MCR 2.513(1). Defendant waived this issue when he affirmatively expressed satisfaction with how the court handled the jury questions. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). However, because defendant also alleges an ineffective assistance claim relating to this error, we review the claim in that context. When an ineffective assistance of counsel claim is unpreserved, "this Court's review is limited to mistakes apparent from the record." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207.

MCR 2.513(1) requires that the court "employ a procedure that ensures that . . . the parties have an opportunity outside the hearing of the jury to object to the questions." Here, the record is clear that the trial court failed to provide the parties an opportunity to object outside the presence of the jury. The trial court erred by failing to follow the requirements of MCR 2.513(I). However, there was not a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Nix*, 301 Mich App at 207. Again, the evidence related to a peripheral issue not relevant to defendant's charged crimes, there was no other evidence that defendant exhibited violent behavior, and the testimony was brief. Accordingly, we reject defendant's claim of error.

We similarly reject defendant's claim that his counsel was ineffective for failing to object to the jury question that led to the objectionable evidence. Again, defendant cannot show prejudice. We also note that it was not clear from the question itself that the inquiry would lead to objectionable evidence. Further, once the witness made the statement, counsel may have reasonably decided not to object, so as to not draw attention to the evidence. See *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (to show ineffective assistance of counsel, defendant must overcome the heavy presumption that trial counsel employed effective trial strategy). In addition, for the same reasons discussed above, we reject defendant's claim that his constitutional right to due process was violated because defendant cannot establish plain error affecting substantial rights.

Defendant next argues that the prosecution committed prosecutorial misconduct when it elicited testimony about the victim's credibility. Defendant also argues that the trial court improperly asked the prosecution's expert witness whether the victim was telling the truth. While we agree that error occurred, we conclude that defendant is not entitled to a new trial on this basis.

We first address defendant's claim of prosecutor misconduct. Because defendant did not object to the prosecutor's conduct at trial, this issue is unpreserved and review is limited to plain error affecting substantial rights. *People v Gaines*, 306 Mich App 289, 308; 856 NW2d 222 (2014). Error requiring reversal will not be found when a curative instruction could have displaced any prejudicial effect of the prosecutor's misconduct. *People v Johnigan*, 265 Mich App 463, 467; 696 NW2d 724 (2005). "Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "It is generally improper for a witness to comment or provide an opinion on the credibility of another witness." *Id.* at 71.

Defendant asserts that it was prosecutorial misconduct for the prosecutor to ask the victim's mother about the victim's truthfulness. At trial, the prosecutor asked the victim's mother whether she believed her daughter when she indicated that she found surveillance cameras hidden in her bedroom; the victim's mother testified that she believed the victim. Also, the prosecutor asked the victim's mother what she thought when the victim indicated that she was abused; the victim's mother again testified that she believed the victim. A prosecutor "is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). However, it is improper for a prosecutor to question witnesses about the veracity of testimony given by other witnesses. *People v Williams*, 153 Mich App 582, 590; 396 NW2d 805 (1986), citing *People v Buckey*, 424 Mich 1, 17; 378 NW2d 432 (1985).

To the extent the questions asked the victim's mother to comment on the victim's veracity, they were improper. *Williams*, 153 Mich App at 590-591. Nevertheless, there was no plain error affecting defendant's substantial rights. Any prejudicial effect could have been alleviated by a timely objection and curative instruction, so defendant is not entitled to relief on appeal. *Johnigan*, 265 Mich App at 467. Moreover, the trial court specifically instructed the jury that it was their duty to determine the credibility of witnesses.

Defendant also asserts that he was denied a fair and impartial trial when the trial court questioned the prosecution's expert witness regarding the victim's credibility. Because defendant did not object to judicial misconduct at trial, we review this claim for plain error affecting substantial rights. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). The trial court has the right to interrogate witnesses. MRE 614(b). "As long as the questions would be appropriate if asked by either party and, further, do not give the appearance of partiality . . . a trial court is free to ask questions of witnesses that assist in the search for truth." *People v Davis*, 216 Mich App 47, 52; 549 NW2d 1 (1996). But, inappropriate questioning of witnesses can constitute a form of judicial misconduct. *People v Stevens*, 498 Mich 162, 172; 869 NW2d 233 (2015). An expert witness may not vouch for the veracity of a victim. *Dobek*, 274 Mich App at 71. However, "[w]hen the credibility of the particular victim is attacked by a defendant, . . . it is proper to allow an explanation by a qualified expert regarding the consistencies between the behavior of that victim and other victims of child sexual abuse." *People v Peterson*, 450 Mich 349, 375; 537 NW2d 857 (1995).

Here, the court asked expert witness Sandra Terwilliger, a limited license psychologist who met with the victim, whether victims respond differently to counseling when they are lying. Terwilliger testified that it is not unusual for children to appear withdrawn when first discussing their abuse and to open up and share greater details over time as they become more comfortable. The trial court asked a string of questions regarding whether it was possible to discern whether a victim was telling the truth based on the way a victim acts during counseling. The trial court's questions and the psychologist's answers were sometimes general, referring to "they" or "people," and sometimes more specific, referring to "she." After reviewing the record, we agree that there were moments in Terwilliger's testimony where she seemed to improperly vouch for the victim's credibility. However, we note that the testimony is not clear on whether Terwilliger expressed an opinion regarding the victim's veracity—certainly not to the extent suggested by defendant. After Terwilliger testified, the trial court clearly and specifically instructed the jury that her testimony could not be considered an opinion that the victim was telling the truth. Again, "[i]t is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Given the ambiguity of the testimony and the trial court's instructions, we do not agree that this error impacted defendant's substantial rights. Accordingly, defendant failed to show plain error, and reversal is not warranted.

Defendant also argues that his counsel was ineffective for failing to object to testimony from the victim's mother and Terwilliger's testimony regarding the victim's credibility. We agree that defense counsel's performance was deficient in this regard, but do not agree that these errors necessitate a new trial. Again, we review unpreserved claims of ineffective assistance of counsel for errors apparent on the record. *Heft*, 299 Mich App at 80. As explained, the victim's mother improperly testified that she believed the victim and her friends. Additionally, Terwilliger's also seemed to improperly vouch for the victim's credibility at times in her testimony. Thus, we agree that, in failing to object to these instances, defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. However, defendant has failed to show that there was a reasonable probability that, but for counsel's failure to object to the credibility testimony, the result of the proceeding would have been different. The prosecution offered significant evidence to corroborate the victim's testimony, which served to bolster her credibility, and the trial court specifically instructed the jury that it was their duty to determine the credibility of witnesses. Again, jurors are presumed

to follow their instructions. *Graves*, 458 Mich at 486. Defendant has failed to demonstrate that there was a reasonable probability that the result of the proceeding would have differed had his counsel objected to the testimony about the victim's truthfulness. Accordingly, defendant's claim fails.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood