# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LOUIS MICHELLE MCCASKILL,

Defendant-Appellant.

UNPUBLISHED
October 18, 2016

No. 327600
Wayne Circuit Court
LC No. 14-011065-FC

Before: MURRAY, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(*i*).[1] We affirm.

In 2003, the victim, CR, moved in with her aunt, YW, and defendant, YW's husband. CR was nine years old at the time. In 2008, when she was 14 years old, CR informed YW that CR had been impregnated by defendant. Two days later, YW took CR to an abortion clinic and was met at the clinic by a police officer. While at the clinic, the officer took buccal swabs from CR. After the abortion procedure was performed, samples of the fetal material and buccal swabs from CR and defendant were transferred to the Michigan State Police Crime Lab.

Tests performed in 2010 by Andrea Young, a forensic biologist with the Michigan State Police, revealed that half of the fetal material contained DNA from CR while the other half contained DNA from defendant. In 2014, Young conducted an additional test with the DNA samples. Comparing the fetal tissue with the DNA of a randomly selected African-American male, Young concluded that it was 17,520 times more likely that defendant was the father of the fetus than any other individual in the African-American population.

Prior to trial, the prosecutor filed a notice of his intent to introduce other acts evidence. The prosecutor stated the he intended to introduce testimony from YW that defendant had begun

---

[1] Defendant was also charged with one count of assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2). In a separate trial, defendant was acquitted of this charge.

-1-

a sexual relationship with her when she was 14 years old. Over a defense objection, the trial court ruled that the testimony was admissible.

Defendant first argues that the trial court erred in admitting this other acts evidence under MRE 404(b) and MCL 768.27a. We disagree. This Court reviews a trial court's decision on whether to exclude evidence for an abuse of discretion. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). "A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes." *Id*.

"Use of other acts as evidence of character is generally excluded to avoid the danger of conviction based on a defendant's history of misconduct." *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 724 (2005). To be admissible under MRE 404(b), generally bad acts evidence: (1) must be offered for a proper purpose, (2) must be relevant, and (3) must not have a probative value substantially outweighed by its potential for unfair prejudice. *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). "A proper purpose for admission is one that seeks to accomplish something other than the establishment of a defendant's character and his propensity to commit the offense." *Johnigan*, 265 Mich App at 465.

The prosecution sought to admit YW's testimony for the proper purpose of proving defendant's common "scheme, plan, or system in doing an act." MRE 404(b). In regard to relevance, "evidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). "General similarity between the charged and uncharged acts does not, however, by itself, establish a plan, scheme, or system used to commit the acts." *Id*. at 64. "To establish the existence of a common design or plan, the common features must indicate the existence of a plan rather than a series of similar spontaneous acts, but the plan thus revealed need not be distinctive or unusual." *Id*. at 65-66 (citation omitted). "Logical relevance is not limited to circumstances in which the charged and uncharged acts are part of a single continuing conception or plot." *Id*. at 64.

In this case, it is clear that the charged offense and the acts alleged by YW "are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *Id*. at 63. Defendant began a sexual relationship with YW and CR when they were 14 and 15 years old, respectively. Each relationship began after defendant learned that they came from broken homes. YW testified that she stayed with defendant because she was homeless before they met. Similarly, defendant took CR into his home after CR's mother was sent to prison. Furthermore, both YW and CR were impregnated by defendant shortly after their relationships began. While the incidents occurred 14 years apart, the Court in *Sabin* held that a common scheme or plan is not limited to acts that are part of a continuing plot. *Id*. at 64.

In regard to the final factor, MRE 403 states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Unfair prejudice exists where there is "a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury," or "it would be inequitable to allow the proponent of the evidence to use it." *People v Mills*, 450 Mich 61, 75–76; 537 NW2d 909, modified 450 Mich 1212 (1995) (citation omitted). It cannot be said that YW's testimony was marginally probative.

Given the similarities between uncharged act and the charged act, YW's testimony provided compelling evidence of defendant's common scheme, plan, or system. While YW's testimony was certainly prejudicial, all relevant evidence is prejudicial to some extent. See *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005). In light of the high probative value of YW's testimony, it cannot be said that the testimony should have been excluded under MRE 403.

MCL 768.27a states that, "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). What is considered to be a "listed offense" is defined in section two of the sex offenders registration act. MCL 768.27a(2)(a). The sex offenders registration act defines a "listed offense" as "a tier I, tier II, or tier III offense." MCL 28.722(k). Both the charged and uncharged acts constitute first-degree criminal sexual conduct, and thus, are considered listed offenses under the statute. MCL 28.722(k).

While defendant's previous acts are therefore admissible under MCL 768.27a, the Michigan Supreme Court has held that MCL 768.27a remains subject to MRE 403. *Watkins*, 491 Mich at 486. MRE 403 states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The Court in *Watkins* held that, "when applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. "To weigh the propensity inference derived from other-acts evidence in cases involving sexual misconduct against a minor on the prejudicial side of the balancing test would be to resurrect MRE 404(b), which the Legislature rejected in MCL 768.27a." *Id*. at 486.

The Court in *Watkins* listed six factors in considering whether to exclude evidence as overly prejudicial in the context of MCL 768.27a: "(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony." *Id*. at 487-488.

As noted above, the other acts evidence and the charged crime are nearly identical. Both YW and CR were young teenagers at the time defendant began a sexual relationship and impregnated them. Furthermore, defendant took advantage of both of them after learning they came from broken homes. In regard to the temporal proximity of the other acts to the charged crime, defendant's relationship with YW began 14 years prior to his relationship with CR. However, this Court has held that "[t]he remoteness of the other acts affects the weight of the evidence rather than its admissibility." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011).

Furthermore, defendant's other acts with YW occurred frequently. YW testified that she conceived two children with defendant while she was a minor. There was no evidence of any intervening acts as defendant began his relationship with CR while he was still married to YW. YW's testimony regarding her relationship with defendant was extremely detailed and did not lack reliability. Finally, in regard to the need for the evidence, CR did not testify regarding her

sexual relationship with defendant, likely because they were still in a relationship at the time defendant was charged. Therefore, because the majority of the factors set forth in *Watkins* weigh in favor of admissibility, the trial court did not err in admitting YW's testimony under MCL 768.27a. While the trial court failed to apply the MRE 403 test set forth in *Watkins*, the Court in *Watkins* held that such error is harmless if the proffered evidence meets the requirements of MCL 768.27a. Because YW's testimony satisfied the requirements of MCL 768.27a and the MRE 403 test weighed in favor of admission, the court's failure to apply the test "was not inconsistent with substantial justice." *Watkins*, 491 Mich at 491 (citation and quotation marks omitted).

Defendant next argues that evidence was insufficient to support his conviction because the element of penetration was not proven beyond a reasonable doubt. We disagree. This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). We consider the evidence in the light most favorable to the prosecutor to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Hoffman*, 225 Mich App 103, 111; 570 NW2d 146 (1997). Direct and circumstantial evidence, as well as all reasonable inferences that may be drawn, are considered to determine whether the evidence was sufficient to sustain the defendant's conviction. *People v Hardiman*, 466 Mich 417, 429; 646 NW2d 158 (2002).

In order to convict a defendant of first-degree criminal sexual conduct, the trier of fact must find that (1) the defendant engaged in sexual penetration with the victim, (2) who is at least 13 but less than 16 years old, and (3) the defendant is a member of the same household as the victim. *People v Phillips*, 251 Mich App 100, 102; 649 NW2d 407 (2002), quoting MCL 750.520b(1)(b)(*i*). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the above elements were proven beyond a reasonable doubt. Young's testimony regarding the DNA match between defendant and the fetal tissue was the most compelling evidence. While Young stated that it is never proper to definitively state that an individual is the father of a fetus, she testified that defendant was 17,520 times more likely to be the father of the fetus than any other African-American male.

Defendant argues that the element of penetration was not proven beyond a reasonable doubt because it was possible that CR could have been impregnated by some other means. While this is possible, the prosecution is not obligated to negate every theory consistent with defendant's innocence. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). In addition, this Court is obligated to view the evidence in the light most favorable to the prosecution. *Hoffman*, 225 Mich App at 111. In considering YW's testimony regarding her past sexual relationship with defendant, as well as the DNA evidence, a rational trier of fact could have found that the element of penetration was proven beyond a reasonable doubt. While the prosecution contends that YW's testimony regarding Rodgers's statement that she was pregnant by defendant is admissible regardless of whether the testimony constituted hearsay, this is incorrect. The cases relied upon by the prosecution, *People v Maciejewski*, 68 Mich App 1, 3; 241 NW2d 736 (1976), and *McDaniel v Brown*, 558 US 120, 131; 130 S Ct 665; 175 L Ed 2d 582 (2010), are inapplicable because they address situations involving the trial court as the trier of fact and review of habeas corpus petitions, respectively.

Defendant also argues that the trial court admitted inadmissible hearsay when it allowed YW to testify that CR told her that CR had been impregnated by defendant. While we agree that this testimony constituted inadmissible hearsay, the admission of this hearsay did not affect the outcome of the lower court proceedings.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). When YW testified regarding CR's out of court statement, counsel for defendant did not object. Therefore, this issue is not preserved for appeal. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). In order to avoid forfeiture of the issue, (1) error must have occurred, (2) the error must have been plain, i.e., clear or obvious, and (3) the plain error affected the defendant's substantial rights. *Id*. at 763 (citation omitted). This third requirement is satisfied if the defendant can demonstrate prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id*. If the defendant satisfies these three requirements, this Court will only grant reversal when the plain error resulted in the conviction of an innocent defendant or "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. (citation and quotation marks omitted).

MRE 801(c) defines hearsay as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 802 states that hearsay is not admissible except as provided by the Michigan Rules of Evidence. YW's testimony that CR "claimed she was pregnant by Louis," was hearsay because it was being offered for its truth, i.e., that defendant had impregnated CR. Therefore, it is only admissible if it falls under one of the exceptions to the hearsay rule contained in MRE 803.

The prosecution contends that YW's testimony falls under the exception for the declarant's then existing mental, emotional, or physical condition contained in MRE 803(3). MRE 803(3) states that "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)" is not excluded by the hearsay rule. "Statements of . . . physical condition, offered to prove the truth of the statements, have generally been recognized as an exception to the hearsay rule because special reliability is provided by the spontaneous quality of the declarations when the declaration describes a condition presently existing at the time of the statement." *People v Moorer*, 262 Mich App 64, 68-69; 683 NW2d 736 (2004). However "a statement explaining a past sequence of events (from the standpoint of the declarant at the time of the statement) is not a then existing physical condition within the meaning of the rule but, rather, a 'statement of memory or belief' that is explicitly excluded from the exception." *People v Hackney*, 183 Mich App 516, 527 n 2; 455 NW2d 358 (1990), quoting MRE 803(3).

CR's statement to YW, that CR was impregnated by defendant, does not fall under MRE 803(3). While the fact of CR's pregnancy, standing alone, likely would be admissible under MRE 803(3), the statement that defendant was responsible for the pregnancy is "a statement explaining the past sequence of events," and thus, "is not a then existing physical condition within the meaning of the rule." *Hackney*, 183 Mich App at 527 n 2. The prosecution

-5-

demonstrated that it was offering this out of court statement to prove a past sequence of events when it subsequently asked YW, "you said she was pregnant by Louis?" Therefore, YW's testimony regarding CR's out of court statement was inadmissible.

Because this was an unpreserved error, defendant must establish that "the error affected the outcome of the lower court proceedings," and reversal is required only if the error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity, or reputation of the proceedings. *Carines*, 460 Mich at 763-764. While the statement was harmful to defendant, it cannot be said that this error affected the outcome of the lower court proceedings. As noted above, Young's testimony regarding the DNA evidence provided the most compelling evidence of defendant's guilt. Young testified that it was 17,250 times more likely that defendant was the father of the fetus than any other African-American male. Therefore, even without admission of the hearsay, there was clear evidence that defendant impregnated CR. As a result, reversal is not required.

Finally, defendant argues that the prosecutor engaged in misconduct. We disagree.

In order to preserve a claim of prosecutorial misconduct, the defendant must contemporaneously object to the alleged misconduct and ask for a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). While defendant objected to the other acts evidence at a pretrial hearing, he did not object on grounds of prosecutorial misconduct and did not request a curative instruction. Defendant also did not object when YW testified that CR told her that CR was pregnant. Therefore, this issue is not preserved for appeal. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 763.

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id*. at 64. "A prosecutor's good-faith effort to admit evidence does not constitute misconduct." *Id*. at 70. "The prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). Therefore, a prosecutor does not act in bad faith if evidence is arguably admissible. *Dobek*, 274 Mich App at 70.

Defendant argues that the prosecutor engaged in misconduct when he sought to introduce the other acts evidence through YW's testimony. As noted above, a good-faith attempt to admit evidence does not constitute prosecutorial misconduct and a prosecutor does not act in bath faith if evidence is arguably admissible. *Id*. Prior to trial, the prosecutor filed a notice of his intent to introduce YW's testimony regarding defendant's other acts. After a hearing, the court ruled that the evidence was admissible. As noted above, this decision was correct because the evidence was admissible under both MRE 404(b) and MCL 768.27a. Because the evidence was admissible, the prosecutor did not act in bad faith and, therefore, did not commit misconduct.

Defendant also argues that the prosecutor engaged in misconduct when he elicited testimony from YW that CR stated that she was impregnated by defendant. Once again, good-

faith attempts to admit evidence do not constitute prosecutorial misconduct. *Dobek*, 274 Mich App at 70. As noted above, YW's testimony regarding CR's pregnancy constituted inadmissible hearsay because it was being offered for its truth and did not fall under any of the exceptions to the hearsay rule. However, it cannot be said that the elicitation of this testimony constituted prosecutorial misconduct. While the prosecution is incorrect that YW's testimony was admissible under MRE 803(3) as a statement of a then existing physical condition, this was at least a plausible argument. CR's statement regarding her pregnancy was a statement regarding her physical condition. The testimony was inadmissible because it went beyond her mere physical condition when it mentioned the events leading to the pregnancy. But because the prosecutor had reasonable grounds for believing the testimony was admissible, the introduction of this testimony did not constitute prosecutorial misconduct. See *id*.

Affirmed.


/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder