PEOPLE v WAGER

Docket No. 113712. Decided June 15, 1999. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and reinstated the judgment of the circuit court.

Chad M. Wager was convicted by a jury in the Kalamazoo Circuit Court of operating a motor vehicle while under the influence of intoxicating liquor. The court, Richard R. Lamb, J., had refused to suppress the result of a blood-alcohol test given between 128 and 140 minutes after the offense. The Court of Appeals, SAWYER, P.J., and MICHAEL J. KELLY, J. (SMOLENSKI, J., dissenting) reversed on the ground that the test had not been given in timely fashion. 233 Mich App 1 (1998) (Docket No. 201457). The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices BRICKLEY, TAYLOR, CORRIGAN, and YOUNG, the Supreme Court *held*:

No sound reason exists to engraft a reasonable-time element onto the clear language of MCL 257.625a(6)(a); MSA 9.2325(1)(6)(a), as did the Court of Appeals in *People v Kozar*, 54 Mich App 503 (1974), and *People v Schwab*, 173 Mich App 101 (1988). To the extent that the passage of time reduces the probative value of the test, the diminution goes to weight, not admissibility, and is for the parties to argue before the finder of fact.

Reversed.

Justices CAVANAGH and KELLY concurred only in the result.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

*Butler, Durham & Willoughby* (by *Anthony R. Toweson*) for defendant-appellee.

Amici Curiae:

*Robert H. Cinabro*, City Attorney, and *A. Lee Kirk*, Deputy City Attorney, for Michigan Municipal League.

*Elwood L. Brown*, President, *David Gorcyca*, Oakland County Prosecuting Attorney, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for Prosecuting Attorneys Association of Michigan.

PER CURIAM. The Court of Appeals reversed the defendant's conviction for operating a motor vehicle under the influence of intoxicating liquor. It did so on the ground that a blood test was not given within "a reasonable time" after the defendant's arrest, and therefore should have been suppressed. For the reasons stated in this opinion, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

I

On a September evening in 1995, the defendant was driving east on I-94 in Kalamazoo County. He had been drinking. At some point between 10:30 P.M. and 10:42 P.M., he collided with a truck that had stopped on the shoulder.[1] The driver of the truck was seriously injured.

The Kalamazoo County Sheriff Department was dispatched to the accident scene at approximately 10:45 P.M. The defendant was taken to Borgess Hospital,

---

[1] The prosecution and the defense disagree with regard to the manner in which the defendant was driving immediately before the accident, and with regard to whether the collision was caused by the defendant's driving or by a third motorist. That dispute is not pertinent to the issues raised in this appeal, however.

where a deputy administered a preliminary breath test at approximately 12:27 A.M. The test showed an alcohol level of .09 percent.

The deputy then requested that the defendant submit to a blood test, which was administered at approximately 12:50 A.M. Again, the result was an alcohol level of .09 percent.

The defendant was charged with a felony punishable by up to five years in prison—operating a vehicle while under the influence of intoxicating liquor, causing the victim to suffer a serious impairment of a body function. MCL 257.625(5); MSA 9.2325(5).

The defendant moved to suppress the result of the blood test on the ground that it had not been given within a reasonable time after the defendant came into contact with the police. The circuit court considered the motion on the basis of a stipulation of facts, which included an agreement that the blood test came between 128 and 140 minutes after the offense (i.e., the traffic accident in which the victim was injured).

The circuit court denied the motion, and the case was tried before a jury. The defendant was convicted, and sentenced to a five-year term of probation. As a condition of the probation, the circuit court ordered the defendant to jail for fifteen days at the beginning of the probation.[2]

The defendant appealed, and the Court of Appeals reversed on the ground that the blood test was not

---

[2] The order also requires thirty days of jail at the end of the probation, but the file indicates that the judge intended to review the defendant's progress, to determine whether to require him to serve the additional time.

given in timely fashion. 233 Mich App 1; 592 NW2d 389 (1998). Judge SMOLENSKI dissented.

The prosecuting attorney has applied to this Court for leave to appeal.[3]

II

A

Our Legislature has enacted several provisions governing the admissibility of blood tests. In reviewing those provisions, we find a flat statement that "[t]he amount of alcohol . . . in a driver's blood . . . as shown by chemical analysis of the person's blood . . . is admissible into evidence in any civil or criminal proceeding." MCL 257.625a(6)(a); MSA 9.2325(1)(6)(a).[4] Nowhere does the section impose a requirement concerning the interval of time in which the test must be given.[5]

The section further provides that the Department of State Police is to promulgate rules concerning the administration of tests under the section. MCL 257.625a(6)(g); MSA 9.2325(1)(6)(g). However, those rules are also silent with regard to a time requirement.[6]

---

[3] We have also received two motions for leave to file briefs amicus curiae. We grant those motions.

[4] In recent years, the statute often has been amended. However, the pertinent provisions remain the same as at the time of the events giving rise to this prosecution.

[5] The admissibility of the blood test is noted in several other portions of the section, none of which includes a time element. MCL 257.625a(6)(b)(ii), (6)(d), (6)(e), (8); MSA 9.2325(1)(6)(b)(ii), (6)(d), (6)(e), (8).

[6] See 1994 AACS, R 325.2651 *et seq.*, and 1993 AACS, R 325.2671 *et seq.*

To be clear, the Legislature is only stating a principle of admissibility. The parties are free to introduce "any other competent evidence" bearing on the question whether a driver was driving under the influence or otherwise in violation of this portion of the statute. MCL 257.625a(7); MSA 9.2325(1)(7).

B

Despite the absence of such a requirement in the statutory section, the Court of Appeals has developed the principle that a blood test is inadmissible unless given within "a reasonable time." *People v Kozar*, 54 Mich App 503, 508; 221 NW2d 170 (1974); *People v Schwab*, 173 Mich App 101; 433 NW2d 824 (1988).

Statements of this sort appear twice in *Kozar*. One is a footnote without citation of authority, which by its own terms is dictum:

> These prerequisites [to admissibility], not at issue in the case at bar, include establishing the qualifications of the operator administering the test, the method or procedure followed in administering the test, that the test was performed within a reasonable time after the arrest, and the reliability of the testing device. Foundation testimony concerning these prerequisites must be introduced before the test results may be admitted into evidence. [54 Mich App 509, n 2.]

This statement that the proponent of test evidence must introduce testimony that the test was given with a reasonable time, as a prerequisite to admissibility, is unsupported by the text of the opinion in *Kozar*. The issue in that case was whether a prosecutor needed to introduce expert testimony to connect the test

result to the time when a defendant is alleged to have been driving while under the influence of alcohol.

The *Kozar* footnote (54 Mich App 509, n 2) was quoted in *People v Krulikowski*, 60 Mich App 28, 32; 230 NW2d 290 (1975), where the Court of Appeals reversed a conviction on the ground that one of the "prerequisites" to admissibility had not been shown. The footnote also was cited in *People v Schwab*, *supra* at 103, where the Court of Appeals excluded Breathalyzer tests administered 122 and 133 minutes after a motorist was arrested.

The *Schwab* rule has been noted in subsequent decisions, including *People v Prelesnik*, 219 Mich App 173, 180, 182-183; 555 NW2d 505 (1996), and *People v Sloan*, 450 Mich 160, 196-197, n 11; 538 NW2d 380 (1995) (opinion of BOYLE, J.). See also Justice BOYLE's dissent in *People v Patino*, 447 Mich 1008 (1994), in which she expressed concern that a "reasonable time" requirement would harden into a rule requiring that a test be given within a fixed period. Further, *Schwab* was noted in *People v Jacobsen*, 448 Mich 639, 641; 532 NW2d 838 (1995), which arose in a similar factual context, but dealt with a different legal issue.

Looking at the origin of the rule as set forth in *Kozar* and the absence of a dispositive ruling on point from this Court, we are satisfied that no sound reason exists to engraft the "reasonable time" element onto the clear language of the statute.[7] Thus, to the

---

[7] An anchoring principle of our jurisprudence, and the foremost rule of statutory construction, is that we are to effect the intent of the Legislature. In doing so, we begin with the language of the statute—if the Legislature has crafted a clear and unambiguous provision, we assume that the plain meaning was intended, and we enforce the statute as written. See *People v Venticinque*, 459 Mich 90, 99; 586 NW2d 732 (1998), *Anzaldua v Band*, 457 Mich 530, 534-

extent that *Kozar* and its progeny adopt a "reasonable time" element, they are expressly overruled.

c

In the present case, the prosecution introduced evidence of the blood test to persuade the jury that the defendant was under the influence of intoxicating liquor at the time of the accident. The defense responded with the testimony of the expert whose deposition had been used in support of the motion to suppress.

The expert was a university professor who told the jury that, after a person drinks alcohol, the person's blood-alcohol level increases for a time, then plateaus, then decreases over a longer period of time. It was his belief that, in order to infer a person's blood-alcohol level from the result of a blood test administered later, it is necessary to undertake a "retrograde extrapolation."

In essence, the defense expert's testimony was that it is virtually impossible to infer blood-alcohol level from a later test. His "retrograde extrapolation" would require medical testing of the upper and lower gastrointestinal tracts, liver function tests, an analysis of recent food consumption, and other areas of inquiry. The defense expert indicated that there were "44 major variables we need to know" and that other considerations "can compound it over 200." Asked when a blood test should be performed to determine

535; 578 NW2d 306 (1998), *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 217; 580 NW2d 424 (1998), *People v Webb*, 458 Mich 265, 273-274; 580 NW2d 884 (1998), and a host of earlier decisions. [*Rickner v Frederick*, 459 Mich 371, 378; 590 NW2d 288 (1999).]

a person's blood alcohol level at 10:44, he responded, "At 10:44."

The jury listened to this testimony, and apparently reached a contrary conclusion—that a blood test given two hours after an event does have some usefulness in determining a person's state of intoxication at the earlier point.[8]

Reversing this defendant's conviction, the Court of Appeals characterized the defense expert's testimony as "uncontroverted." The majority stated:

> The prosecution in this case failed to offer any evidence that the test results accurately reflected defendant's blood alcohol level at the time of the offense. The only expert testimony offered in the matter was that of defendant's expert, . . . whose uncontroverted testimony provided that the two-hour and eight-minute or the two-hour and twenty-minute delay rendered the test results unreliable as an indicator of defendant's blood alcohol level at the time of the offense. Even given the trial court's rejection of the expert's testimony that the delay was unreasonable, there is no evidence on the record on which the court could base its decision that the test results were reliable and that the delay was therefore reasonable. Because the prosecution did not offer any evidence of reliability given the delay, the prosecution failed to carry its burden of proof. See *Krulikowski, supra* at 33. [233 Mich App 10.]

In that portion of its opinion, the Court of Appeals failed to apply clear statutory language. Pursuant to

---

[8] In relation to this point, it is helpful to remember the following definition:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. [MRE 401.]

the express language of the statute, test results "are admissible . . . and will be considered," MCL 257.625a(6)(b)(ii); MSA 9.2325(1)(6)(b)(ii), and the prosecutor is not required to introduce expert testimony on this issue. To the extent that the passage of time reduces the probative value of the test, the diminution goes to weight, not admissibility, and is for the parties to argue before the finder of fact.

For these reasons, we reverse the judgment of the Court of Appeals, and we reinstate the judgment of the circuit court. MCR 7.302(F)(1).

WEAVER, C.J., and BRICKLEY, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.

CAVANAGH and KELLY, JJ., concurred only in the result.