# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TIMOTHY DEMYERS,

        Defendant-Appellant.

UNPUBLISHED
September 14, 2017

No. 332201
Oakland Circuit Court
LC No. 2015-256018-FH

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

A jury found defendant guilty of operating a motor vehicle while intoxicated, third offense, MCL 257.625(9)(c), and the trial court sentenced him to 30 days' jail and 18 months' probation. Defendant appeals as of right. We affirm.

At about 1:30 a.m. on May 1, 2015, a police officer stopped defendant's vehicle because of a broken brake light. After approaching the vehicle, the officer noticed a strong smell of alcohol emanating from inside the vehicle. The officer also noticed that defendant's eyes were bloodshot and his speech was slurred. The officer then administered field sobriety tests which defendant had difficulty performing. After defendant refused a preliminary breath test, he was arrested and transported to the police station where he refused to consent to a blood alcohol test. The officer then obtained a search warrant for defendant's blood draw and transported him to the hospital. Defendant's blood was drawn at about 5:05 a.m. that same day. Defendant's blood alcohol content (BAC) was about .183 or .184 grams of alcohol per 100 milliliters of blood. Defendant was convicted and sentenced as described above, and this appeal followed.

On appeal, defendant argues that there was insufficient evidence to prove his conviction beyond a reasonable doubt, or alternatively, that his conviction was against the great weight of the evidence. Specifically, he claims that he is entitled to a new trial because the only evidence that was presented at trial was an aged blood sample and conflicting testimony by the forensic scientist and defendant's BAC recorded on the laboratory report. We disagree.

This Court reviews a defendant's sufficiency challenge de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing such a challenge, this Court views the record in a light most favorable to the prosecution to determine whether a rational factfinder could have found each of the essential elements of the charged offense beyond a reasonable doubt. *Id.* In doing so, we are "required to draw all reasonable inferences and make credibility

-1-

choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

To establish a violation of MCL 257.652(1), the prosecutor must prove that defendant (1) operated a motor vehicle; (2) on publicly accessible streets; (c) with a BAC of .08 grams or more per 100 milliliters of blood. *People v Hyde,* 285 Mich App 428, 448; 775 NW2d 833 (2009).

Defendant does not dispute that he was operating his vehicle on publicly accessible streets. Defendant takes issue with the evidence offered on the third element of the offense. He argues that there was insufficient evidence to support his conviction because his blood was drawn over three and a half hours after the initial traffic stop and because the forensic scientist that performed the analysis on defendant's blood sample apparently testified that his BAC was between .0183 and .0184, which contradicts the laboratory report of .184.

In this case we conclude there was sufficient evidence for the jury to find that defendant had "an alcoholic content of 0.08 grams or more per 100 milliliters of blood. . . ." The laboratory report listed defendant's BAC at .184, which is more than twice the legal limit of 0.08. The time lapse between the traffic stop and the blood alcohol test makes little difference because there is no requirement that a blood alcohol test be given within a certain amount of time to be sufficient.[1] See *People v Aldrich*, 246 Mich App 101; 631 NW2d 67 (2001) (finding that the defendant's blood alcohol test was sufficient evidence for the jury to consider, even though the test was administered three and a half hours after the accident). Furthermore, the forensic scientist who performed the testing testified that the results of defendant's blood sample, on two different machines, resulted in a BAC of .184. While we acknowledge the conflict between the laboratory report and trial transcript, there was a Stipulation and Order to Correct the Record, which defendant's counsel signed, stating that defendant's BAC was .184, not 0.0184.[2] This was consistent with the laboratory report that also listed defendant's BAC as .184. Additionally, the police officer that stopped defendant also testified that he smelled like alcohol, had bloodshot eyes, was slurring his speech, and failed to adequately perform several field sobriety tests. The jury was able to consider the officer's testimony in determining what weight should be given to the blood alcohol test. *Campbell*, 236 Mich App at 496. Even if we were to assume the evidence of the blood alcohol test is insufficient, it appears that the jury found the evidence credible, and we must defer to the jury's credibility determination in that regard. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). Thus, in viewing the evidence in a

---

[1] "In the overwhelming majority of cases, delay on the part of the police will only inure to the defendant's benefit." *People v Campbell*, 236 Mich App 490, 501; 601 NW2d 114 (1999).

[2] By signing the Stipulation and Order to Correct the Record, defendant waived any argument regarding the inconsistency of the trial transcript and defendant's waiver extinguished any error. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citation and quotation marks omitted) ("One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.").

light most favorable to the prosecution, there was sufficient evidence to support the jury's guilty verdict in this case.

Next, we address defendant's argument regarding the great weight of the evidence. "The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v McCray,* 245 Mich App 631, 630 NW2d 633 (2001).

In this case, we conclude that defendant's conviction was not against the great weight of the evidence. The laboratory report and testimony of the forensic scientist coupled with the police officer's testimony, as described above, support the guilty verdict. Defendant's argument that the time lapse between the initial traffic stop and the blood alcohol test "renders the weight of the evidence zero" is unpersuasive. Indeed, our Supreme Court has found that "[t]o the extent that the passage of time reduces the probative value of the [blood alcohol] test, the diminution goes to weight, not admissibility, and is for the parties to argue before the finder of fact." *People v Wager*, 460 Mich 118, 126; 594 NW2d 487 (1999). The jury in this case listened to the arguments of both parties and apparently reached a conclusion that the blood alcohol test administered several hours after the initial stop is useful in determining that defendant was intoxicated. Accordingly, defendant has failed to establish a miscarriage of justice.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray