*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF JAMES THOMAS BUSH, by
CHRISTINA REFFLE and THOMAS BUSH,
Co-Personal Representatives,

        Plaintiffs-Appellees/Cross-
        Appellants,

UNPUBLISHED
May 7, 2019

v

CITY OF ST. CLAIR SHORES, ST. CLAIR
SHORES POLICE DEPARTMENT, and
THOMAS MURPHY,

        Defendants-Appellants/Cross-
        Appellees.

No. 340667
Macomb Circuit Court
LC No. 2016-000287-NI

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(concurring)*

I agree with the majority in all respects other than its reasoning for why the decedent's toxicology report was admissible. I conclude that the majority's reasoning improperly and unconstitutionally holds that MCL 257.625a(6)(a) overrides the Michigan Rules of Evidence. I would hold that the statement of admissibility in the statute cannot bypass considerations of relevance under MRE 402. However, I agree that the report is admissible because it is relevant.

The Legislature may enact statutes affecting the admissibility of evidence that irreconcilably conflict with the Michigan Rules of Evidence and will prevail over the latter, to the extent they are "based on policy considerations over and beyond the orderly dispatch of judicial business." *People v Watkins*, 491 Mich 450, 475; 818 NW2d 296 (2012). However, our Supreme Court's "authority in matters of practice and procedure is exclusive and therefore beyond the Legislature's power to exercise." *Id*. at 472-473. The constitutionality of a statute affecting admissibility of evidence turns on "whether the statute addresses purely procedural matters or substantive law." *McDougall v Schanz*, 461 Mich 15, 27; 597 NW2d 148 (1999). In Watkins, our Supreme Court determined that MCL 768.27a did not purport to override MRE 403 despite its silence regarding that court rule, and therefore our Supreme Court did not need to

decide whether a statute could prevail over MRE 403. *Watkins*, 491 Mich 481-486, 486 n 82. Furthermore, relevance was unquestioned in that case. See *id*. at 470. Nevertheless, our Supreme Court took the opportunity to observe that "it is not hard to see that MRE 402 and 403 are rules of the procedural variety." *Id*. at 475 n 61. I would not dismiss that observation as mere dicta. See *People v Higuera*, 244 Mich App 429, 437; 625 NW2d 444 (2001).

It is therefore clear that MRE 401 and 402, which define what constitutes relevant evidence and establish that only relevant evidence may be admitted, are so fundamental to the practice and procedure of the courts that the Legislature cannot constitutionally enact a statute in conflict with either court rule. We must presume the Legislature did not intend to create a conflict or to enact an unconstitutional law. See *McDougall*, 461 Mich at 24. As the majority notes, our Supreme Court has held that blood toxicology tests are admissible pursuant to MCL 257.625a(6)(a). *People v Wager*, 460 Mich 118, 121-126; 594 NW2d 487 (1999). However, at issue in *Wager* was the validity of prerequisites to that admissibility developed through case law, *not* any potential conflict with a rule of evidence. *Id*. Indeed, the *Wager* Court implied that relevance under the rules of evidence *was* a preemptive consideration. *Id*. at 125, 125 n 8. I therefore conclude, as our Supreme Court did in *Watkins*, that MCL 257.625a(6)(a) is constitutional but necessarily subordinate to considerations of relevance under MRE 401 and 402, and the possibility of unfair prejudice under MRE 403. To the extent the majority holds otherwise, I conclude that it upholds a violation of the separation of powers.

Nonetheless, I agree with the majority to the extent it rejects plaintiffs' argument that the toxicology results should have been excluded as irrelevant. Plaintiff argues that none of defendants' expert witnesses could offer an opinion whether the THC in decedent's blood actually affected his ability to drive. I believe that this mischaracterizes the experts' testimony slightly, and under the circumstances, we conclude that the weaknesses in the experts' proffered testimony goes to weight rather than admissibility.

According to the toxicology report, the decedent was found to have 16 ng/mL of THC in his blood, in addition to a certain amount of inactive and irrelevant metabolite. Both of defendant's proffered expert witnesses adamantly stated that at a blood THC level of 16 ng/mL, the decedent was definitely experiencing some impairment effects of marijuana. The experts conceded that different people are affected in different ways and to different extents, and it was impossible to determine the precise nature and extent of the impairment that the decedent would have experienced.[1] However, they did not opine that they could not determine whether the

---

[1] This is consistent with scientific literature finding that THC definitely causes impairment, but that specific blood concentrations of THC have little predictive value in any particular individual. See Robbe and O'Hanlon, *Marijuana and actual driving performance*, US Dep't of Transp Report No. DOT HS 808 078 (1993), available at https://rosap.ntl.bts.gov/view/dot/1558; Robbe and O'Hanlon, *Marijuana, Alcohol, and Actual Driving Performance*, US Dep't of Transp Report No. DOT HS 808 939 (1999), available at https://rosap.ntl.bts.gov/view/dot/1649; Compton, *Marijuana-Impaired Driving – A Report to Congress*, US Dep't of Transp Report No. DOT HS 812 440, available at https://rosap.ntl.bts.gov/view/dot/34995.

decedent was impaired. Their testimony was quite the opposite. Furthermore, they opined that some of the likely effects would have been slowed reaction time and impaired multi-tasking or concentration.

Defendant's experts were only unable to offer an opinion regarding the *extent* of the decedent's impairment at the time of the accident. They were, however, able to offer an opinion that the decedent was, in fact, impaired. As the majority states, the experts' testimony regarding the effects THC has on brain chemistry, consciousness, and functioning would have assisted the jury in determining whether the decedent was impaired by marijuana and the extent, if any, to which that impairment played a role in his ability to avoid the accident. Under the circumstances of this case, I cannot find that the trial court abused its discretion by ruling that the toxicology results were relevant, and therefore admissible, under MRE 402. Additionally, I agree with the majority that I am unpersuaded that the probative value of the report was substantially outweighed by a danger of unfair prejudice pursuant to MRE 403. In addition to the majority's discussion, defendant's experts' opinions are subject to cross-examination regarding their inability to determine how impaired the decedent might have been.

I concur in affirming.

/s/ Amy Ronayne Krause